**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GERARD EDWARD LEHNER,

                            Plaintiff,

- v -                                    Civ. No. 1:08-CV-1129
                                                    (NAM/RFT)

TD BANK NORTH; CVS PHARMACY; SOVEREIGN
BANK (ATM); NEW YORK STATE DEP'T, BUILDING
CODE ENFORCEMENT,

                            Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

On October 21, 2008, *pro se* Plaintiff Gerard Lehner filed a Complaint against the Defendants enumerated in the caption above. Dkt. No. 1, Compl. Though Mr. Lehner utilized a form provided by the Clerk of the Court for litigants suing under 42 U.S.C. § 1983, the Court is unable to glean the basis for its jurisdiction nor Mr. Lehner's standing to assert his claim.

In light of Mr. Lehner's *pro se* status, we reviewed the Complaint and liberally construed it to raise the following points. The crux of this action appears to be Mr. Lehner's desire to have building codes enforced at various venues to uncover what he believes are "incorrect design layout[s]" in the parking lots. Compl. at ¶ 4. It is not clear which venues he alleges are not up to code, though it can be inferred from a general reading of the Complaint that the likely infractions are alleged to have occurred at sites occupied by Defendants TD Bank North, CVS Pharmacy, and Sovereign Bank, else their inclusion in this suit be for naught. Lehner alleges he slipped and fell at unnamed "commercial sites"; in addition to failing to specify the situs of his falls, he also fails to specify the nature of his injuries, if any. In fact, he seeks no compensation for injuries he may have

suffered due to illicit parking lot designs. Instead, he specifically questions whether TD Bank North is properly insured, whether Sovereign Bank is aware of the safety conditions, and whether or not the New York State Department of Building Code Enforcement[1] is aware of the various business' improprieties. In his prayer for relief, Lehner seeks to have "insurance companies request yearly inspections and review their clients['] building condition for entrance entry and exiting." Notably, however, no insurance companies are named in this action as Defendants.

The Court is foremost concerned with whether we possess the jurisdiction to entertain this suit and provide the relief sought. It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, we begin with a review of the Court's jurisdiction to hear this case. Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332. While Lehner utilized a form reserved for claimants asserting a civil rights claim pursuant to 42 U.S.C. § 1983, a review of the nature of Lehner's complaints leads this Court to believe that this action is not one sounding

---

[1] Upon information and belief, Lehner's reference to the New York State Department of Building Code Enforcement is actually a reference to the New York State Division of Code Enforcement and Administration, which is a division of the New York State Department of State. *See* http://www.dos.state.ny.us/CODE/LS-CODES.HTML (last visited November 17, 2008).

in § 1983.

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). First and foremost, we note that nowhere in the Complaint does Lehner allege that his constitutional rights have been violated. And this Court is unable, even with the most liberal construction of the pleading, to envision any claim raised by Lehner that amounts to a constitutional violation. The second flaw we identified is the fact that, aside from naming the New York State Department of Building Code Enforcement, Lehner has named parties who are not state actors. *See Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (noting that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law). The failure to allege a civil rights violation by someone acting under color of state law is fatal to asserting a § 1983 action. In the absence of citing any other federal statute, we are led to believe that Mr. Lehner is not trying to invoke the Court's federal question jurisdiction, but perhaps its diversity jurisdiction instead.

As relayed above, Lehner's scant pleading appears to center around a slip and fall he allegedly sustained while on the premises of the unknown "commercial sites." This suggests that Lehner may be suing for some personal injury he experienced (though he fails to specify the nature

of the injury) as a result of some action or inaction by Defendants. For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Again, two problems arise. First, Plaintiff does not state any amount in controversy. Instead, he ponders whether the various Defendants have accident insurance and whether building codes are being properly enforced. The actual relief sought is to have the Court ensure that "insurance companies request yearly inspections and review their clients building condition for entrance entry and exiting." Thus, Plaintiff does not satisfy the first prong of invoking diversity jurisdiction. A second flaw with the potential assertion of diversity jurisdiction exists since, by including the New York State Department of Building Code Enforcment, Lehner compromises the complete diversity rule. In order to sustain diverstiy jurisdiction, there must be complete or total diversity, in that "the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). With Lehner alleging his own citizenship in New York State, the inclusion of a New York State governmental office divests the Court of diversity jurisdiction.[2]

While simple amendments could cure the diversity jurisdiction ailments, there remains yet another hurdle preventing this matter from moving forward, namely, Lehner has not established that he has the requisite standing to bring this action. More specifically, Lehner has not shown a specific individualized injury which would create a case or controversy between him and the Defendants cognizable under Article III of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 6

---

[2] Putting aside for the moment the question of whether the Department of State is immune from suit in federal court, we note that Lehner has not asserted a claim for monetary damages for which the Eleventh Amendment would apply. We note, nevertheless, that the Eleventh Amendment does not allow federal jurisdiction over suits brought by private parties against states in the absence of either a waiver of immunity or consent to suit by the state, or an abrogation of constitutional immunity by Congress. *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472 (1987); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

(1998) (noting that Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a "case or controversy."). Indeed, whether a plaintiff has made out a "case or controversy" is a threshold matter which must be determined in every case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In this regard, the Court must be satisfied that Lehner has "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id*. at 498-99 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). If a plaintiff lacks standing, the court lacks subject matter jurisdiction to hear the claim. *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). And, because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*. *Id*.

Once again, in liberally construing Plaintiff's claims, it appears that Plaintiff seeks to have the insurance companies hold their clients more accountable when it comes to adhering to safety precautions, though he has not named any particular insurance company over which the Court could exercise power. To stretch this logic one step further, it is possible that Plaintiff also wants the New York State Department of Code Enforcement to enforce building codes. What Plaintiff fails to allege, however, is how he has a personal stake in the outcome of this proceeding. He has neither expressed his particular injury nor has he explained how the relief sought, if the Court could even grant such, would affect his daily experiences. In sum, Plaintiff has failed to allege a case or controversy over which this Court could provide some resolution.

### III. CONCLUSION

In light of the numerous jurisdictional defects in Plaintiff's pleading, and because he has failed to state a cognizable cause of action which would allow for the relief sought, it is hereby

**RECOMMENDED**, that the Complaint be dismissed in its entirety due to the Court's lack of Subject Matter Jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   November 19, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge